# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:05 CV 225

| | |
|---|---|
| TAMRA DUNCAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SPECIAL METALS CORPORATION, ) | |
| SPECIAL METALS WELDING PRODUCTS ) | |
| COMPANY d/b/a SPECIAL METALS d/b/a ) | |
| SPECIAL METALS CORPORATION ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Defendant's Motion to Dismiss" (Document No. 6), filed August 30, 2005, by Special Metals Corporation and Special Metals Welding Products Company (Defendant); the "Plaintiff's Memorandum in Opposition..." (Document No. 10), filed September 16, 2005 by Tamra Duncan; and the "Defendant's Reply..." (Document No. 11), filed September 26, 2005.

The parties have consented to magistrate jurisdiction under 28 U.S.C. § 636(c), and this matter is now ripe for disposition. Having carefully considered the arguments of the parties and the record, the undersigned will <u>deny</u> the Defendant's Motion to Dismiss. However, the Court will consider the Defendant's motion instead as a Motion for More Definite Statement under Rule 12(e). That motion will be <u>granted</u>.

The Defendant moves for dismissal of the Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6), on the grounds that the Plaintiff fails to state a claim upon which relief can be granted.

1

Where the Court feels a motion for a more definite statement is more appropriate, the Court is able to treat the defendant's motion to dismiss as a motion for more definite statement filed under Fed. R. Civ. P. 12(e). *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1378, at 773 (1969); *See also Forti v. Suarez*, 672 F.Supp. 1531 (N.D. Ca. 1987). A motion to dismiss may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 48 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). However, if a pleading fails to specify the allegations in a manner that provides sufficient notice, the proper action is for the defendant to move for a more definite statement under Rule 12(e) before responding. *See, e.g., Swierkiewicz v. Sorema,* 534 U.S. 506, 514, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002). Fed. R. Civ. P. 12(e) states: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e).

In this case, the Defendant contends that the Plaintiff uses conclusory legal terms and vague language in her complaint rather than facts sufficient to support each element of her claims. The Plaintiff contends that she is not required to plead specific facts at this point in the legal action. Fed. R. Civ. P. 8(a) outlines the general pleading requirements for a complaint. These requirements include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. at 47, 78 S.Ct. at 103, 2 L.Ed.2d 80. Furthermore, "at the very least...the Complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Young v. City of Mount Ranier,* 238 F.3d 567, 577 (4th Cir.

2001).

The Supreme Court, in addressing whether the complaint in an employment discrimination case must contain specific facts establishing a prima facie case of discrimination, held that, "an employment discrimination complaint need not include such facts and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz v. Soreman,* 534 U.S. 506, 508, 122 S.Ct. 992, 995, 152 L.Ed.2d 1 (2002) (quoting Fed. R. Civ. P. 8(a)(2)). However, "[o]ur circuit has not...interpreted *Swierkiewicz* as removing the burden of a plaintiff to allege facts sufficient to state all the elements of her claim." *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).

In accordance with *Bass*, the Plaintiff must allege sufficient facts to support all the elements of her claims and must do so using non-conclusory statements. While the Plaintiff alleges she was discriminated against by actions such as, "disparate treatment, harassment, unfair job demands, unwarranted criticism, unwarranted disciplinary actions...," etc., she alleges very few facts to support these terms. (Document No. 1). In amending her complaint, the Plaintiff should include facts that reflect the nature of the alleged disparate treatment, harassment, unfair job demands, unwarranted criticism, and unwarranted disciplinary actions.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion to Dismiss"(Document No. 6) is **DENIED**. The Court will consider the Defendant's motion instead as a Motion for More Definite Statement under Rule 12(e), and that motion is **GRANTED**. The Plaintiff is **ORDERED** to file an amended complaint within ten days of the date of this Order.

Signed: June 9, 2006

*[signature]*

David C. Keesler
United States Magistrate Judge